IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARQUIS ROBINSON                                                             PLAINTIFF

v.                                  Civil No.: 4:18-CV-04072

JACKIE RUNION (Miller County Sheriff),                          DEFENDANTS
WARDEN JEFFIE WALKER, CAPTAIN
GOLDEN ADAMS, SERGEANT ALLEN
GRIFFEN, and CORPORAL HANNING

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his initial Complaint on April 25, 2018. (ECF No. 1). That same day, the Court directed Plaintiff to file an Amended Complaint to clarify his claims against Defendants and to submit an application to proceed *in forma pauperis* (IFP). (ECF No. 2). On May 11, Plaintiff filed his IFP application and Amended Complaint. (ECF Nos. 4, 6). His application to proceed IFP was granted on May 18, 2018. (ECF No. 8).

1

Plaintiff alleges his constitutional rights were violated while he was incarcerated in the Miller County Detention Center (MCDC) as a pretrial detainee. Plaintiff alleges his rights were violated by "jail conditions." (ECF No. 6 at 4, 5). He identifies these conditions as mold in the shower, water leaking from the ventilation, non-functional fire detectors, clogged drains in the shower, twenty-eight inmates living in "Max-D," and food which is sometimes served cold. (*Id*. at 6). He alleges he and other inmates reported "all kinds of things that do not work," but nothing was fixed. (*Id*. at 5).

Plaintiff proceeds against all Defendants in their official capacity. (*Id*. at 5, 6). He seeks compensatory and punitive damages. (*Id*. at 8).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

Plaintiff failed to state any plausible official capacity claims against any Defendant. According to Plaintiff's Amended Complaint, Defendant Runion is the Sheriff of Miller County. Defendants Walker, Adams, Griffen, and Hanning are identified as employees of MCDC. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

Plaintiff failed to identify any custom or policy of Miller County or MCDC which violated his rights. Nor can Plaintiff's vague and conclusory allegations concerning conditions at the jail support an official capacity claim. *See Nix v. Norman,* 879 F.2d 429, 433 (8th Cir. 1989) ("To establish liability in an official-capacity suit under section 1983, a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom . . . or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner."); *Arnold v. Corizon, Inc*, No. 1:15CV62, 2015 WL 4206307, at *2 (E.D. Mo. July 10, 2015) (conclusory claims that defendants acted according to

some unspecified policies or customs are not enough to state official capacity claims). He therefore failed to state any plausible official capacity claims against any Defendant.

## IV. CONCLUSION

Accordingly, I recommend that Plaintiff's claims be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **7th day of August 2018**.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE